AO 93 Rev. 5/85) 81

# United States District Court
## FOR THE DISTRICT OF PUERTO RICO

INTRODUCTION

I, Jonathan Quinones-Panet, am employed as a Special Agent (SA) with the Drug Enforcement Administration (DEA), United States Department of Justice. Having been duly sworn, I do hereby depose and state:

1. I am a Special Agent of the United States Drug Enforcement Administration and have been so employed since April 2015. I am currently assigned to the Caribbean Division San Juan, Puerto Rico. I am also currently assigned to the Caribbean Corridor Strike Force (CCSF) group, which conducts investigations of large-scale drug trafficking organizations, violent gangs and federal narcotics and firearms violations, under Titles 18, 21 and 46 of the United States Code. I have a Bachelor's Degree in Criminal Justice, a Master's Degree in International Business, and a Master's Degree in Engineering Management. I graduated from the full time residence "Basic Agent Training Program" in Quantico, Virginia. The Basic Agent Training Program focuses on law courses, search and seizure warrants, enforcement of federal drug laws, identification of controlled substances, surveillance, counter-surveillance, firearms training and the smuggling of drugs.

2. During my law enforcement career, I have become familiar with the trafficking of illegal drugs and its proceeds, and with the drug trafficking organizations operating in Puerto Rico. As part of my official duties, I have conducted arrests of persons engaged in illegal drug activities and its proceeds; I have executed search warrants of homes and property of

persons engaged in drug trafficking and, I have participated in seizures of property and currency which constituted proceeds of illegal drug trafficking activity. Moreover, I have interviewed persons involved in drug trafficking, and debriefed confidential sources and cooperating defendants regarding the habits and practices of people engaged in the illegal trafficking of drugs. Through my training, experience and the shared experiences of senior agents and task force officers, I have become familiar with the modus operandi of drug traffickers and the trafficking of illegal drugs and their proceeds and drug trafficking organizations based in Puerto Rico. As part of my official duties, I have conducted arrests of persons engaged in illegal drug activities, and I have executed arrest warrants of persons engaged in drug trafficking. Moreover, I have interviewed persons involved in drug trafficking and debriefed confidential sources regarding the habits and practices of people engaged in the illegal trafficking of drugs and the methods utilized to launder its proceeds. I have also reviewed records relating to narcotics trafficking and money laundering.

3. Except as otherwise noted, the statements contained in this affidavit are based in part on information provided by law enforcement officers and my experience as a DEA Special Agent. Unless otherwise noted, wherever in this affidavit I assert a statement was made or the information was provided by another law enforcement officer, the officer in question may have direct or hearsay knowledge of the subject matter of the statement. I have not set forth all of the facts uncovered during this investigation in preparing this affidavit, as its contents are only for the limited purpose of establishing probable cause to issue an arrest warrant pursuant to the provisions of Fed. R. Crim. P. 4.

4. I make this affidavit in support of a criminal complaint concerning federal felony offenses enumerated in Title 46, United States Code, §§ 70502, 70503(a)(1), and 70506, that is,

Conspiracy to Possess with Intent to Distribute Five (5) or More Kilograms of Cocaine, a Schedule II Narcotic Substance, Aboard a Vessel Subject to the Jurisdiction of the United States.

## FACTS OF THE CASE SUPPORTING PROBABLE CAUSE

5. On April 11, 2022, a maritime patrol aircraft (MPA) located a surface target of interest (hereinafter TARGET VESSEL) approximately 52 NM northwest of the municipality of Aguadilla, Puerto Rico. The TARGET VESSEL was described as a 25 feet go-fast vessel, with three persons on board, one outboard engine and visible packages on deck, consistent in size and shape with bales of narcotics.

6. Subsequently, United States Coast Guard Cutter (USCGC) "HERIBERTO HERNANDEZ" diverted in an attempt to interdict the TARGET VESSEL.

7. Personnel at the Coast Guard District Seven Headquarters issued a Statement of No Objection for a Right of Visit boarding upon a profile go-fast vessel, displaying no indicia of nationality, reasonably suspected of drug smuggling, and located in international waters pursuant to international law.

8. Subsequently, USCGC "HERIBERTO HERNANDEZ" launched their small cutter boat, which arrived on scene with the TARGET VESSEL. USCGC HERIBERTO HERNANDEZ reported that upon detection of their small cutter boat, the TARGET VESSEL tried to depart and failed to heave after being signaled in accordance with international law.

9. Subsequently, the TARGET VESSEL became compliant, went dead in the water, and the boarding team was able to establish positive control of the TARGET VESSEL.

10. The boarding team reported three persons onboard of the TARGET VESSEL. During right of visit questions in Spanish, no master was identified and all three persons onboard claimed Dominican nationality for themselves; there were no claims made for the TARGET VESSEL. The individuals were later identified as Dominican nationals: Ramon Vicente CASTILLO-GUERRERO, Marcos SORIANO-SANCHEZ, and Nandy MATEO-GARCIA.

11. Personnel of the United States Coast Guard District Seven granted a statement of no objection to treat the TARGET VESSEL as one without nationality and enforce U.S. laws. The boarding team searched and found approximately five packages visible on deck of the TARGET VESSEL consistent in size and shape with bales of narcotics; with at sea weight of 180 kilograms.

12. The boarding team conducted two narcotics identification kits tests upon the presumed narcotics and both tested positive for cocaine. Personnel of the United States Coast Guard District Seven authorized the treat the three persons on board as detainees and seize the contraband.

13. Personnel at the Coast Guard District Seven Headquarters authorized to destroy the TARGET VESSEL as a danger to navigation due to no suitable towing points, distance to land, and no navigation lights.


INTENTIONALLY LEFT BLANK

## CONCLUSION

14. Based on the foregoing, I believe there is probable cause that Ramon Vicente CASTILLO-GUERRERO, Marcos SORIANO-SANCHEZ, and Nandy MATEO-GARCIA committed federal felony offenses in violation of Title 46 USC §§ 46 U.S.C. § 70502(c)(1)(A), that is, Conspiracy to Possess with Intent to Distribute Five (5) or More Kilograms of Cocaine, a Schedule II Narcotic Substance, Aboard a Vessel Subject to the Jurisdiction of the United States.

_____
JONATHAN QUINONES-PANET,
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to me by telephone in accordance with the provisions of Fed. R. Crim. P. 4.1 at 9:00 a.m. this 15th day of April, 2022.

_____   Digitally signed by
HON. BRUCE J. MCGIVERIN      Hon. Bruce J. McGiverin
UNITED STATES MAGISTRATE JUDGE